UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NATHAN SMITH**<br>**&**<br>**NATASHA SINGH**<br>**&** | **CIVIL ACTION** |
| | **No.: 22-5335** |
| | <u>**JURY TRIAL DEMANDED**</u> |
| **NATHAN SMITH,**<br>**on**<br>**behalf of and as p/n/g**<br>**of his minor**<br>**daughter,**<br>N S | |
| **and** | |
| **NATHAN SMITH,**<br>**on behalf of and as**<br>**p/n/g of his minor**<br>**daughter**<br>N S | |
|               **Plaintiffs** | |
| **Vs.** | |
| **LA FONTANA LLC**<br>**135 Grant Avenue,**<br>**Seaside Heights, NJ 08751** | |
| **and** | |
| **LA FONTANA MOTEL**<br>**135 Grant Avenue,**<br>**Seaside Heights, NJ 08751** | |
| **and** | |
| **SANDIP PATEL**<br>**135 Grant Avenue,**<br>**Seaside Heights, NJ 08751** | |

## <u>COMPLAINT - CIVIL ACTION</u>

## I.  <u>JURISDICTION AND VENUE</u>

1. Jurisdiction is based upon diversity of citizenship, to wit, 28 United States Code, Sec. 1332.

2.  Venue is proper under the Federal Rules of Civil Procedure, as the Defendants are all

citizens doing business and/or residing within this District.

## II. **THE PARTIES**

3. At all times relevant hereto, Plaintiffs resided at 1019 Ski Bluff Terrace, Lake Ariel, PA 18436.

4. Upon information and belief, at all times relevant hereto, Defendant La Fontana LLC was and is a limited liability company organized and existing pursuant to the laws of the State of New Jersey, maintaining its principal place of business at the address captioned above.

5. Upon information and belief, at all times relevant hereto, Defendant La Fontana Motel was and is a limited liability company organized and existing pursuant to the laws of the State of New Jersey, maintaining its principal place of business at the address captioned above.

6. Upon information and belief, at all times relevant hereto, Defendant Sandip Patel was and is an individual who owned, operated and controlled Defendants La Fontana LLC and La Fontana Motel, maintaining a principal place of business at the address captioned above.

7. Upon information and belief, at all times relevant hereto, said Defendants were operating by and through their employee, servant, owner, Sandip Patel, who was the owner, operator, manager and employee of the La Fontana Motel and of La Fontana LLC; and was operating in furtherance of the business and affairs of La Fontana LLC and La Fontana Motel.

8. Defendant La Fontana Motel and La Fontana LLC and Sundip Patel are also collectively referred to herein as the "Hotel Defendants".

9. Upon information and belief, at all times relevant hereto, the Hotel Defendants were in the business of owning, operating and/or managing hotels, including but not limited to a

hotel (hereinafter also referred to as "the Hotel") located at 135 Grant Avenue, Seaside Heights, NJ 08751, wherein Plaintiffs sustained injuries as the result of bed bugs, as described in further detail below.

10. At all times material hereto, all Defendants named herein conducted substantial, significant, and ongoing business activities in Ocean County, New Jersey.

11. At all times material hereto, all Defendants named herein were acting through their duly authorized agents, servants, workmen, employees all of whom were acting in the course and scope of their employment and in furtherance of the business and affairs of the Defendants and are vicariously/ostensibly liable for the conduct of their employees and/or agents, who were, at all times material hereto, acting within the course and scope of their employment.

## III. THE EVENTS GIVING RISE TO THE CAUSE OF ACTION

12. The paragraphs above are incorporated herein following as though they were set forth at length.

13. On or about September 1, 2020, Plaintiff, Nathan Smith paid money to the Hotel Defendants to reserve a certain motel unit for himself and his two minor daughters to enjoy the labor day weekend at the New Jersey shore. (hereinafter referred to as "the room").

14. At all times material, Plaintiffs were business invitees of the Hotel Defendants and the Hotel.

15. On the morning of September 2, 2020, after having spent the night sleeping in the hotel room of the Hotel, Plaintiff Nathan Smith and his two daughters discovered that they had been badly bitten by bed bugs while they slept and sustained numerous intensely

itchy, red, raised and painful welt like bites.

16. Upon discovering the bite marks all over their bodies, they discovered actual bed bugs throughout the mattress and bed sheets.

17. Upon information and belief, Defendants, through their actual or apparent agents, servants and/or employees, knew there was an active bed bug infestation in and around Plaintiffs' hotel room and failed to have the room inspected and properly treated by a licensed pest control company prior to Plaintiff staying at the hotel and/or failed to have the hotel room properly sanitized and maintenanced and clean and inspected for bed bugs between the time that the room was last booked and the time that plaintiffs checked into the room.

18. Upon information and belief, prior to Plaintiff's stay, Defendants had received prior complaints of bed bugs at the Hotel, had previously detected bed bugs in guest rooms at the  Hotel including, but not limited to Plaintiff's room at the hotel.

19. Prior to Plaintiff's stay, Defendants knew that Plaintiff's hotel room had recently been infested with Bed Bugs and knew or should have known that there was a likelihood that new guests that would stay in the room would be bitten by bed bugs and knew or should have known that new guests would not be aware of this risk, yet purposefully and deceitfully chose not inform/warn new guests, such as Plaintiff about the risk of bed bugs in the room.

20. Prior to leasing the room to Plaintiff, for a profit, Defendants, through their actual or apparent agents, servants and/or employees, made no efforts to determine or confirm that the room was free of bed bugs or signs of bed bug infestation, and actually knew that the room was infested with bed bugs.

21.     Upon information and belief, prior to placing Plaintiff into the hotel room, Defendants did not utilize regular procedures designed to guard against the spread and transport of bed  bugsin the Hotel.

22. The preexisting bed bug infestation in the room rendered it unsanitary and unfit for human habitation.

23. Signs of the presence of bed bugs in the room were concealed by Defendants so that Defendants could derive a greater profit.

24. As a result of all Defendants' failure to eradicate the bed bug infestation in the hotel room prior to Plaintiff's stay, and knowingly placing Plaintiff in an infested room, the  Plaintiff suffered numerous bed bug bites resulting in itchy, painful and uncomfortable welts that required medical treatment and medication, scarring, loss of sleep, anxiety and mental distress, loss of personal property and economic loss.

## COUNT I, II and III – NEGLIGENCE
### Plaintiffs Nathan Smith individually v. All Defendants

25. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein and hereby avers as follows against the Defendants as if individually averred against same.

26.  Defendants, by and through their apparent and actual agents, servants and/or employees, were negligent in the management, maintenance, ownership and/or operation of the Hotel.

27. Defendants owed a heightened duty of care to guests of the Hotel, including the Plaintiff, to provide habitable and sanitary lodgings, free of bed bug infestation, and to warn them of any known defects in the Hotel.

28. Defendants negligently breached this duty by placing Plaintiff in a Hotel room that had a preexisting bed bug infestation.

29.  Defendants were negligent in manners including, but not limited to, the following:

   a.   failing to train critical staff (maintenance workers, custodial staff, housekeeping staff and management personnel) on how to identify the signs of bed bug infestation, how to prevent the transport and spread of bed bug infestations, and the steps that must be taken immediately upon report or suspicion of such an infestation;

   b. failing to have in place and/or follow, prior to Plaintiff's stay, a reasonable and appropriate bed bug inspection and/or treatment protocol for the Hotel, including daily inspections of its guest rooms and its common areas and facilities;

   c.   failing to assure strict compliance by all relevant staff with any bed bug inspection protocol in place at the Hotel;

   d.   failing to assure strict compliance by all relevant staff and/or contractors with any bed bug treatment protocol in place at the Hotel;

   e. failing to immediately quarantine Plaintiff's personal belongings and have them inspected and, if necessary, treated by a qualified and competent pest control professional before permitting them to be taken to another room in Hotel and/or taken home by the Plaintiff;

   f.   failing to detect and fully eradicate previously known bed bug infestations in the room and/or in rooms adjacent to, above or below the Plaintiff's room in the Hotel, prior to placing Plaintiff in the room;

g.   failing to have in place a reasonable and appropriate integrated program designed to prevent the introduction and spread of bed bug infestations within the Hotel by its employees and its guests;

h. failing to provide Plaintiff with a safe, clean and sanitary Hotel room;

i. failing to warn Plaintiff of the bed bug infestation in the room.

30. As a result of all Defendants' failure to eradicate the bed bug infestation in the hotel room prior to Plaintiff's stay, and knowingly placing Plaintiff in an infested room, the  Plaintiff suffered numerous bed bug bites resulting in itchy, painful and uncomfortable welts that required medical treatment and medication, scarring, loss of sleep, anxiety and mental distress, loss of personal property and economic loss.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor against all Defendants named herein in an amount greater than seventy-five thousand dollars ($75,000.00) in compensatory damages, as well as punitive damages, together with attorney's fees, court costs, and such other and further relief as this Court deems necessary, just and proper.

### COUNT IV, V and VI – NEGLIGENCE PER SE
### Plaintiff Nathan Smith v. All Defendants

31. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein and hereby avers as follows against the Defendants as if individually averred against same.

32. Pursuant to NJAC 5:10-10.2, the Defendants as owners, operators, managers of a Hotel had a duty under the law to ensure the elimination of any infestation of bed bugs or other pests.

33. Pursuant to NJAC 5:10-102, the Defendants breached their duty to eliminate said infestation, and as a direct and proximate result, Plaintiff sustained injuries as described

below.

34. Defendants, by and through their apparent and actual agents, servants and/or employees, were negligent in the management, maintenance, ownership and/or operation of the Hotel.

35. Defendants owed a heightened duty of care to guests of the Hotel, including the Plaintiff, to provide habitable and sanitary lodgings, free of bed bug infestation, and to warn them of any known defects in the Hotel.

36. Defendants negligently breached this duty by placing Plaintiff in a Hotel room that had a preexisting bed bug infestation.

37. Defendants were negligent in manners including, but not limited to, the following:

a. failing to train critical staff (maintenance workers, custodial staff, housekeeping staff and management personnel) on how to identify the signs of bed bug infestation, how to prevent the transport and spread of bed bug infestations, and the steps that must be taken immediately upon report or suspicion of such an infestation;

b. failing to have in place and/or follow, prior to Plaintiff's stay, a reasonable and appropriate bed bug inspection and/or treatment protocol for the Hotel, including daily inspections of its guest rooms and its common areas and facilities;

c. failing to assure strict compliance by all relevant staff with any bed bug inspection protocol in place at the Hotel;

d. failing to assure strict compliance by all relevant staff and/or contractors with any bed bug treatment protocol in place at the Hotel;

e. failing to immediately quarantine Plaintiff's personal belongings

and have them inspected and, if necessary, treated by a qualified and competent pest

control professional before permitting them to be taken to another room in Hotel and/or

taken home by the Plaintiff;

f. failing to detect and fully eradicate previously known bed bug infestations

in the room and/or in rooms adjacent to, above or below the Plaintiff's room in the

Hotel, prior to placing Plaintiff in the room;

g. failing to have in place a reasonable and appropriate integrated program designed to

prevent the introduction and spread of bed bug infestations within the Hotel by its employees

and its guests;

h. failing to provide Plaintiff with a safe, clean and sanitary Hotel room;

i. failing to warn Plaintiff of the bed bug infestation in the room.

38. As a result of all Defendants' failure to eradicate the bed bug infestation in the hotel

room prior to Plaintiff's stay, and knowingly placing Plaintiff in an infested room, the  Plaintiff

suffered numerous bed bug bites resulting in itchy, painful and uncomfortable welts that

required medical treatment and medication, scarring, loss of sleep, anxiety and mental distress,

loss of personal property and economic loss.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter

judgment in his favor against all Defendants named herein in an amount greater than seventy-

five thousand dollars ($75,000.00) in compensatory damages, as well as punitive damages,

together with attorney's fees, court costs, and such other and further relief as this Court deems

necessary, just and proper.

### COUNT VII, VIII and IX  – DECEPTIVE BUSINESS PRACTICES
### Plaintiff, Nathan Smith v. All Defendants

39. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

40. The Defendants herein constitute a business subject to New Jersey criminal

code governing Deceptive Business Practices (hereinafter referred to as "the Act").

41. Pursuant to NJ Rev Stat § 2C:21-7 (2014) **2C:21-7. Deceptive business practices**

Deceptive business practices. A person commits an offense if in the course of business if he:

> e. Makes a false or misleading statement in any advertisement addressed to the public
>
> or to a substantial segment thereof for the purpose of promoting the purchase or sale of
>
> property or services…

42. Defendants invited guests, including the Plaintiff, to make a reservation and stay at its Hotel. Defendants did so for purposes of a commercial or business nature and derived a financial and/or economic benefit therefrom and Plaintiff were paying for a service within the meaning of the Act.

43. The Defendants knowingly concealed and omitted the material facts that the room was known to have an ongoing infestation of bed bugs.

44. Despite knowing of the infestation of the room and the infestation that the rooms at the Hotel have had in general, Defendants nonetheless represented its hotel to be of high quality.

45. Plaintiff relied on the Defendants' concealments and omissions.

46. As a result of Plaintiff'' reliance on the Defendants' concealments and omissions of material fact, Plaintiff suffered actual damages.

47. As a direct and proximate result of the Defendants' violations of the Act, Plaintiff suffered numerous bed bug bites resulting in itchy, painful and welts that required medical treatment and medical expense and medication, scarring, loss of sleep, anxiety and mental distress, loss of personal property and economic loss.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants for the appropriate legal relief including

three times the actual damages sustained, costs, and reasonable attorney's fees punitive damages and such other and further relief as this Court deems necessary, just and proper.

## COUNT VII, VIII, IX – NEGLIGENCE
### Plaintiff Nathan Smith on behalf of his minor
### Daughter N███ S███ v. All Defendants

48. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein and hereby avers as follows against the Defendants as if individually averred against same.

49.  Defendants, by and through their apparent and actual agents, servants and/or employees, were negligent in the management, maintenance, ownership and/or operation of the Hotel.

50. Defendants owed a heightened duty of care to guests of the Hotel, including the Plaintiff, to provide habitable and sanitary lodgings, free of bed bug infestation, and to warn them of any known defects in the Hotel.

51. Defendants negligently breached this duty by placing Plaintiff in a Hotel room that had a preexisting bed bug infestation.

52.  Defendants were negligent in manners including, but not limited to, the following:

a.   failing to train critical staff (maintenance workers, custodial staff, housekeeping staff and management personnel) on how to identify the signs of bed bug infestation, how to prevent the transport and spread of bed bug infestations, and the steps that must be taken immediately upon report or suspicion of such an infestation;

b. failing to have in place and/or follow, prior to Plaintiff's stay, a reasonable and appropriate bed bug inspection and/or treatment protocol for the Hotel, including daily inspections of its guest rooms and its common areas

and facilities;

  c.  failing to assure strict compliance by all relevant staff with

   any bed bug inspection protocol in place at the Hotel;

  d.  failing to assure strict compliance by all relevant staff

   and/or contractors with any bed bug treatment protocol in

   place at the Hotel;

  e.  failing to immediately quarantine Plaintiff's personal belongings

and have them inspected and, if necessary, treated by a qualified and competent

pest control professional before permitting them to be taken to another room in

Hotel and/or taken home by the Plaintiff;

  f.   failing to detect and fully eradicate previously known bed bug

   infestations in the room and/or in rooms adjacent to, above or below the

   Plaintiff's room in the Hotel, prior to placing Plaintiff in the room;

  g.  failing to have in place a reasonable and appropriate integrated program designed to

     prevent the introduction and spread of bed bug infestations within the Hotel by its

     employees and its guests;

  h. failing to provide Plaintiff with a safe, clean and sanitary Hotel room;

  i. failing to warn Plaintiff of the bed bug infestation in the room.

53. As a result of all Defendants' failure to eradicate the bed bug infestation in the hotel room prior to Plaintiff's stay, and knowingly placing Plaintiff in an infested room, the  Plaintiff suffered numerous bed bug bites resulting in itchy, painful and uncomfortable welts that required medical treatment and medication, scarring, loss of sleep, anxiety and mental distress, loss of personal property and economic loss.

     **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter

judgment in their favor against all Defendants named herein in an amount greater than seventy-five thousand dollars ($75,000.00) in compensatory damages, as well as punitive damages, together with attorney's fees, court costs, and such other and further relief as this Court deems necessary, just and proper.

**COUNT X, XI, XII – NEGLIGENT PER SE**
**Plaintiff Nathan Smith on behalf of his minor**
**Daughter N██████ S████ v. All Defendants**

54. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein and hereby avers as follows against the Defendants as if individually averred against same.

55. Pursuant to NJAC 5:10-10.2, the Defendants as owners, operators, managers of a Hotel had a duty under the law to ensure the elimination of any infestation of bed bugs or other pests.

56. Pursuant to NJAC 5:10-102, the Defendants breached their duty to eliminate said infestation, and as a direct and proximate result, Plaintiff sustained injuries as described below.

57. Defendants, by and through their apparent and actual agents, servants and/or employees, were negligent in the management, maintenance, ownership and/or operation of the Hotel.

58. Defendants owed a heightened duty of care to guests of the Hotel, including the Plaintiff, to provide habitable and sanitary lodgings, free of bed bug infestation, and to warn them of any known defects in the Hotel.

59. Defendants negligently breached this duty by placing Plaintiff in a Hotel room that had a preexisting bed bug infestation.

60. Defendants were negligent in manners including, but not limited to, the following:

a. failing to train critical staff (maintenance workers, custodial staff, housekeeping staff and management personnel) on how to identify the signs of bed bug infestation, how to prevent the transport and spread of bed bug infestations, and the steps that must be taken immediately upon report or suspicion of such an infestation;

b. failing to have in place and/or follow, prior to Plaintiff's stay, a reasonable and appropriate bed bug inspection and/or treatment protocol for the Hotel, including daily inspections of its guest rooms and its common areas and facilities;

c. failing to assure strict compliance by all relevant staff with any bed bug inspection protocol in place at the Hotel;

d. failing to assure strict compliance by all relevant staff and/or contractors with any bed bug treatment protocol in place at the Hotel;

e. failing to immediately quarantine Plaintiff's personal belongings and have them inspected and, if necessary, treated by a qualified and competent pest control professional before permitting them to be taken to another room in Hotel and/or taken home by the Plaintiff;

f. failing to detect and fully eradicate previously known bed bug infestations in the room and/or in rooms adjacent to, above or below the Plaintiff's room in the Hotel, prior to placing Plaintiff in the room;

g. failing to have in place a reasonable and appropriate integrated program designed to prevent the introduction and spread of bed bug infestations within the Hotel by its employees and its guests;

h. failing to provide Plaintiff with a safe, clean and sanitary Hotel room;

i. failing to warn Plaintiff of the bed bug infestation in the room.

61. As a result of all Defendants' failure to eradicate the bed bug infestation in the hotel

room prior to Plaintiff's stay, and knowingly placing Plaintiff in an infested room, the Plaintiff suffered numerous bed bug bites resulting in itchy, painful and uncomfortable welts that required medical treatment and medication, scarring, loss of sleep, anxiety and mental distress, loss of personal property and economic loss.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor against all Defendants named herein in an amount greater than seventy-five thousand dollars ($75,000.00) in compensatory damages, as well as punitive damages, together with attorney's fees, court costs, and such other and further relief as this Court deems necessary, just and proper.

**COUNT VII, VIII and IX – DECEPTIVE BUSINESS PRACTICES**
**Plaintiff, Nathan Smith on behalf of his minor daughter**
**N⬛⬛ S⬛ v. All Defendants**

62. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

63. The Defendants herein constitute a business subject to New Jersey criminal code governing Deceptive Business Practices (hereinafter referred to as "the Act").

64. Pursuant to NJ Rev Stat § 2C:21-7 (2014) **2C:21-7. Deceptive business practices** Deceptive business practices. A person commits an offense if in the course of business if he:

e. Makes a false or misleading statement in any advertisement addressed to the public or to a substantial segment thereof for the purpose of promoting the purchase or sale of property or services...

65. Defendants invited guests, including the Plaintiff, to make a reservation and stay at its Hotel. Defendants did so for purposes of a commercial or business nature and derived a financial and/or economic benefit therefrom and Plaintiff were paying for a service within the meaning of the Act.

66. The Defendants knowingly concealed and omitted the material facts that the room

was known to have an ongoing infestation of bed bugs.

67. Despite knowing of the infestation of the room and the infestation that the rooms at the Hotel have had in general, Defendants nonetheless represented its hotel to be of high quality.

68. Plaintiff relied on the Defendants' concealments and omissions.

69. As a result of Plaintiff'' reliance on the Defendants' concealments and omissions of material fact, Plaintiff suffered actual damages.

70. As a direct and proximate result of the Defendants' violations of the Act, Plaintiff suffered numerous bed bug bites resulting in itchy, painful and welts that required medical treatment and medical expense and medication, scarring, loss of sleep, anxiety and mental distress, loss of personal property and economic loss.

   **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants for the appropriate legal relief including three times the actual damages sustained, costs, and reasonable attorney's fees punitive damages and such other and further relief as this Court deems necessary, just and proper.

### COUNT XIII, XIV, XV – NEGLIGENCE
### Plaintiff Nathan Smith on behalf of his minor
### Daughter N███ S██ v. All Defendants

71. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein and hereby avers as follows against the Defendants as if individually averred against same.

72. Defendants, by and through their apparent and actual agents, servants and/or employees, were negligent in the management, maintenance, ownership and/or operation of the Hotel.

73. Defendants owed a heightened duty of care to guests of the Hotel, including the Plaintiff, to provide habitable and sanitary lodgings, free of bed bug infestation,

and to warn them of any known defects in the Hotel.

74. Defendants negligently breached this duty by placing Plaintiff in a Hotel room that had a preexisting bed bug infestation.

75. Defendants were negligent in manners including, but not limited to, the following:

    a.   failing to train critical staff (maintenance workers, custodial staff, housekeeping staff and management personnel) on how to identify the signs of bed bug infestation, how to prevent the transport and spread of bed bug infestations, and the steps that must be taken immediately upon report or suspicion of such an infestation;

    b. failing to have in place and/or follow, prior to Plaintiff's stay, a reasonable and appropriate bed bug inspection and/or treatment protocol for the Hotel, including daily inspections of its guest rooms and its common areas and facilities;

    c. failing to assure strict compliance by all relevant staff with any bed bug inspection protocol in place at the Hotel;

    d. failing to assure strict compliance by all relevant staff and/or contractors with any bed bug treatment protocol in place at the Hotel;

    e. failing to immediately quarantine Plaintiff's personal belongings and have them inspected and, if necessary, treated by a qualified and competent pest control professional before permitting them to be taken to another room in Hotel and/or taken home by the Plaintiff;

    f. failing to detect and fully eradicate previously known bed bug

infestations in the room and/or in rooms adjacent to, above or below the

Plaintiff's room in the Hotel, prior to placing Plaintiff in the room;

g. failing to have in place a reasonable and appropriate integrated program designed to prevent the introduction and spread of bed bug infestations within the Hotel by its employees and its guests;

h. failing to provide Plaintiff with a safe, clean and sanitary Hotel room;

i. failing to warn Plaintiff of the bed bug infestation in the room.

76. As a result of all Defendants' failure to eradicate the bed bug infestation in the hotel room prior to Plaintiff's stay, and knowingly placing Plaintiff in an infested room, the  Plaintiff suffered numerous bed bug bites resulting in itchy, painful and uncomfortable welts that required medical treatment and medication, scarring, loss of sleep, anxiety and mental distress, loss of personal property and economic loss.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor against all Defendants named herein in an amount greater than seventy-five thousand dollars ($75,000.00) in compensatory damages, as well as punitive damages, together with attorney's fees, court costs, and such other and further relief as this Court deems necessary, just and proper.

## COUNT XVI, XVII, XVIII – NEGLIGENT PER SE
### Plaintiff Nathan Smith on behalf of his minor Daughter N█████ S████ v. All Defendants

77. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein and hereby avers as follows against the Defendants as if individually averred against same.

78. Pursuant to NJAC 5:10-10.2, the Defendants as owners, operators, managers of a Hotel had a duty under the law to ensure the elimination of any infestation of bed bugs or other pests.

79. Pursuant to NJAC 5:10-102, the Defendants breached their duty to eliminate said infestation, and as a direct and proximate result, Plaintiff sustained injuries as described below.

80. Defendants, by and through their apparent and actual agents, servants and/or employees, were negligent in the management, maintenance, ownership and/or operation of the Hotel.

81. Defendants owed a heightened duty of care to guests of the Hotel, including the Plaintiff, to provide habitable and sanitary lodgings, free of bed bug infestation, and to warn them of any known defects in the Hotel.

82. Defendants negligently breached this duty by placing Plaintiff in a Hotel room that had a preexisting bed bug infestation.

83. Defendants were negligent in manners including, but not limited to, the following:

a. failing to train critical staff (maintenance workers, custodial staff, housekeeping staff and management personnel) on how to identify the signs of bed bug infestation, how to prevent the transport and spread of bed bug infestations, and the steps that must be taken immediately upon report or suspicion of such an infestation;

b. failing to have in place and/or follow, prior to Plaintiff's stay, a reasonable and appropriate bed bug inspection and/or treatment protocol for the Hotel, including daily inspections of its guest rooms and its common areas and facilities;

c. failing to assure strict compliance by all relevant staff with any bed bug inspection protocol in place at the Hotel;

d. failing to assure strict compliance by all relevant staff and/or contractors with any bed bug treatment protocol in place at the Hotel;

e. failing to immediately quarantine Plaintiff's personal belongings and have them inspected and, if necessary, treated by a qualified and competent pest control professional before permitting them to be taken to another room in Hotel and/or taken home by the Plaintiff;

f. failing to detect and fully eradicate previously known bed bug infestations in the room and/or in rooms adjacent to, above or below the Plaintiff's room in the Hotel, prior to placing Plaintiff in the room;

g. failing to have in place a reasonable and appropriate integrated program designed to prevent the introduction and spread of bed bug infestations within the Hotel by its employees and its guests;

h. failing to provide Plaintiff with a safe, clean and sanitary Hotel room;

i. failing to warn Plaintiff of the bed bug infestation in the room.

84. As a result of all Defendants' failure to eradicate the bed bug infestation in the hotel room prior to Plaintiff's stay, and knowingly placing Plaintiff in an infested room, the Plaintiff suffered numerous bed bug bites resulting in itchy, painful and uncomfortable welts that required medical treatment and medication, scarring, loss of sleep, anxiety and mental distress, loss of personal property and economic loss.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor against all Defendants named herein in an amount greater than seventy-five thousand dollars ($75,000.00) in compensatory damages, as well as punitive damages, together with attorney's fees, court costs, and such other and further relief as this Court deems necessary, just and proper.

**COUNT XIX, XX, XXI – DECEPTIVE BUSINESS PRACTICES**
**Plaintiff, Nathan Smith on behalf of his minor daughter**
**N███ S███ v. All Defendants**

85. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

86. The Defendants herein constitute a business subject to New Jersey criminal code governing Deceptive Business Practices (hereinafter referred to as "the Act").

87. Pursuant to NJ Rev Stat § 2C:21-7 (2014) **2C:21-7. Deceptive business practices** Deceptive business practices. A person commits an offense if in the course of business if he:

> e. Makes a false or misleading statement in any advertisement addressed to the public or to a substantial segment thereof for the purpose of promoting the purchase or sale of property or services…

88. Defendants invited guests, including the Plaintiff, to make a reservation and stay at its Hotel. Defendants did so for purposes of a commercial or business nature and derived a financial and/or economic benefit therefrom and Plaintiff were paying for a service within the meaning of the Act.

89. The Defendants knowingly concealed and omitted the material facts that the room was known to have an ongoing infestation of bed bugs.

90. Despite knowing of the infestation of the room and the infestation that the rooms at the Hotel have had in general, Defendants nonetheless represented its hotel to be of high quality.

91. Plaintiff relied on the Defendants' concealments and omissions.

92. As a result of Plaintiff'' reliance on the Defendants' concealments and omissions of material fact, Plaintiff suffered actual damages.

93. As a direct and proximate result of the Defendants' violations of the Act, Plaintiff suffered numerous bed bug bites resulting in itchy, painful and welts that required medical treatment and medical expense and medication, scarring, loss of sleep, anxiety and mental distress, loss of personal property and economic loss.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants for the appropriate legal relief including three times the actual damages sustained, costs, and reasonable attorney's fees punitive damages and such other and further relief as this Court deems necessary, just and proper.

### COUNT XXI, XXII, XXII – LOSS OF CONSORTIUM
### Plaintiff, Natasha Singh
### v. All Defendants

94. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

95. At all times material, Plaintiff Natasha Singh was the lawful wife and spouse of Plaintiff Nathan Smith

96. As a result of the Defendants' negligence and Plaintiff Nathan Smith's injuries resulting from said negligence, Plaintiff Natasha Singh was deprived of society, companionship and consortium of her husband, all to her great detriment and loss.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants in excess of $75,000.00.

**PETER BOWERS, P.C.**

Date: August 31, 2022

BY:    **/s/ALEXANDER J. GINSBURG**
**ALEXANDER J. GINSBURG**
**NJ ID# 033792010**
**Attorney for the Plaintiffs**